

# U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  (973) 645-2700
*Newark, NJ 07102*

DCC/PL AGR
2013R00600

January 15, 2015

Jack Arseneault
Arseneault and Fassett, LLP
560 Main St.
Chatham, NJ 07928

2:15-CR-300-1

Re: <u>Plea Agreement with Alex Brazhnikov, Jr.</u>

Dear Mr. Arseneault:

This letter sets forth the plea agreement between your client, Alex Brazhnikov, Jr. a/k/a "Alexander Brazhnikov" and "Alexandre Brajnikov," (hereafter, "Alex Brazhnikov, Jr."), and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than close of business on February 10, 2015. If an executed agreement is not returned to this Office by that date, this offer will expire.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Alex Brazhnikov, Jr. to a three-count Information (the "Information"), which charges: (i) conspiracy to commit money laundering, contrary to Title 18, United States Code, Sections 554(a) and 1956(a)(2)(a), in violation of Title 18, United States Code, Section 1956(h); (ii) conspiracy to smuggle goods from the United States, contrary to Title 13, United States Code, Section 305 and Title 18, United States Code, Section 554(a), in violation of Title 18, United States Code, Section 371; and (iii) conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), contrary to Title 50, United States Code, Sections 1702 and 1705, and Title 15, Code of Federal Regulations, Section 764.2, in violation of Title 18, United States Code, Section 371. If Alex Brazhnikov, Jr. enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Alex Brazhnikov, Jr. for the conduct described in the Criminal Complaint, Mag. No. 14-3677 (MF), and the Information.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Alex Brazhnikov, Jr. agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Alex Brazhnikov, Jr. may be commenced against him, notwithstanding the expiration of the limitations period after Alex Brazhnikov, Jr. signs the agreement.

Sentencing

    a.    Count One

The violation of 18 U.S.C. § 1956(h) to which Alex Brazhnikov, Jr. agrees to plead guilty carries a statutory maximum prison sentence of ~~ten (10)~~ 20 years [handwritten: "20 YEARS", initials] and a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

    b.    Counts Two and Three

The violations of 18 U.S.C. § 371 to which Alex Brazhnikov, Jr. agrees to plead guilty carry a statutory maximum prison sentence of five (5) years, per count, and a statutory maximum fine, per count, equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Alex Brazhnikov, Jr. is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Alex Brazhnikov, Jr. ultimately will receive.

Further, in addition to imposing any other penalty on Alex Brazhnikov, Jr., the sentencing judge: (1) will order Alex Brazhnikov, Jr. to pay an assessment of $100, per count, pursuant to 18 U.S.C. § 3013, which

2

assessment must be paid by the date of sentencing; (2) may order Alex Brazhnikov, Jr. to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*; (3) may order Alex Brazhnikov, Jr., pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, as described herein; and (5) pursuant to 18 U.S.C. § 3583, may require Alex Brazhnikov, Jr. to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Alex Brazhnikov, Jr. be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Alex Brazhnikov, Jr. may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Alex Brazhnikov, Jr. by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Alex Brazhnikov, Jr.'s activities and relevant conduct with respect to this case.

Stipulations

This Office and Alex Brazhnikov, Jr. agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Alex Brazhnikov, Jr. from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-

sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Alex Brazhnikov, Jr. waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Alex Brazhnikov, Jr. agrees that as part of his acceptance of responsibility and pursuant to Title 18, United States Code, Section 982, consents to the entry of a forfeiture money judgment in the amount of $65,000,000 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the $65,000,000 is subject to forfeiture as property involved in or traceable to a conspiracy to violate Title 18, United States Code, Section 1956(h), Title 50, United States Code, Sections 1702 and 1705, and Title 15, Code of Federal Regulations, Section 764.2.

Alex Brazhnikov, Jr. consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Alex Brazhnikov, Jr. agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Alex Brazhnikov, Jr. understands that the forfeiture of Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Alex Brazhnikov, Jr. hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Alex Brazhnikov, Jr. represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement dated on the day that Alex Brazhnikov, Jr. enters his guilty plea. Alex Brazhnikov, Jr. agrees that if

this Office determines that Alex Brazhnikov, Jr. has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Alex Brazhnikov, Jr. consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Alex Brazhnikov, Jr. knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Alex Brazhnikov, Jr. further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Further, as part of his acceptance of responsibility, Alex Brazhnikov, Jr. agrees to forfeit any and all interest he had or may have had in the following assets to the United States:

    1.    <u>Real Property</u>

    a)    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 177 Longwood Drive, Unit 177, Oak Knoll Townhouses, Manalapan, New Jersey 07726-3845, more particularly described as: Block 1438, Lot C17-7, Assessor's Parcel No. 28-01438-0000-00001-0000-C17-7, in the Town of Manalapan, Monmouth County, New Jersey, being the same property that was described in a deed recorded as Instrument No. 2006078024 in Book 8565, Page 5411. The current record title holders of this property are Alexander Brazhnikov, Zhanna Polonskaya & Alexandre Brajnikov.

    b)  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 234 Central Avenue, Mountainside, New Jersey 07092-1950, more particularly described as: Block 5.T, Lot 65, in the Borough of Mountainside, Union County, New Jersey, being the same property that was described in a grant deed recorded as Instrument No. 227337 in Book 5880, Page 619. The current record title holders of this property are Alexander Brazhnikov and Zhanna Polonskaya. Alternatively, in lieu of this property, Alex Brazhnikov, Jr. agrees to pay to the government the sum of $600,000, which funds shall not be derived from, involved with, or traceable to the criminal charges outlined herein, and shall be provided to the government on or before May 1, 2015, or as otherwise agreed to between the parties.

Alex Brazhnikov, Jr. admits that said real properties were purchased and maintained with proceeds received from the illegal conduct for which he has pled guilty and that no other individual has a claim to said real properties. Alex Brazhnikov, Jr. asserts that his wife has no claim to either of the properties in that they were purchased and maintained solely with proceeds of his illegal activity.

2.   Bank Accounts

a)   Up to a total of $2,000,000.00, contained in account number CY29005004820004820731718301 held in the name of Alexander Brazhnikov at Hellenic Bank Public Company, Ltd., Nicosia, Cyprus; if and when the funds are repatriated to the United States, they shall be credited towards the Forfeiture Money Judgment;

b)   $1,879,991.64 previously contained in Sberbank of Russia's interbank or correspondent bank account numbers 0004403077 and 0004169401, held at Deustche Bank Trust Company Americas; and/or account number 8900057610 held at The Bank of New York Mellon; or any other correspondent accounts maintained by Sberbank of Russia at JP Morgan Chase Bank, Wells Fargo, or Bank of America in the United States;

c)   $699,844.43 previously contained in account number 819009806 held in the name of Zond-R, Inc. at HSBC Bank, which was seized on June 26, 2014;

d)   $390,914.92 previously contained in account number 8056936322 held in the name of Zond-R, Inc. at PNC Bank, which was seized on June 26, 2014;

e)   $200,682.16 previously contained in account number 381030608272 held in the name of Zond-R, Inc. at Bank of America, which was seized on June 26, 2014;

f)   $33,569.32 previously contained in account number 4304570199 held in the name of Epsilon Electronics Corporation at TD Bank, which was seized on June 26, 2014;

g)   $9,049.44 previously contained in account number 129970920 held in the name of Telecom Multipliers, Inc. at JP Morgan Chase, which was seized on June 26, 2014;

h)   $427,714.49 previously contained in account number 097-101489 held in the name of Alexander Brazhnikov at PNC Investments, LLC, which was seized on October 10, 2014.

i)   $238.53 previously contained in account number 7527912908 held in the name of Telecom Multipliers, Inc. at Capital One Bank, which was seized on October 10, 2014;

j)      $15,595.86 previously contained in account number 7057324583 held in the name of Zond-R, Inc. at Capital One Bank, which was seized on October 10, 2014;

k)      $33,504.89 previously contained in account number 097-101489 held in the name of Alexander Brazhnikov at PNC Investments, LLC, which was seized on October 10, 2014; and

l)      $377,522.40 previously contained in account number 5937116 held by Avnet, Inc. at JP Morgan Chase, which was seized on October 10, 2014

3.   Currency

a)   $6,610 in United States currency seized from Zond-R, Inc., on June 26, 2014.

4.   Electronics Components

a)   Any and all electronics components, semiconductors, circuits, parts, and related equipment seized from Alex Brazhnikov, Jr., ABN Universal, Inc., Zond-R, Inc., Telecom Multipliers, and Electronics Consulting, from on or about June 26, 2014, through on or about October 8, 2014.

Upon forfeiture to the United States, the value of the Forfeitable Property is to be applied in partial satisfaction of the Forfeiture Money Judgment.

Immigration Consequences

Alex Brazhnikov, Jr. understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Alex Brazhnikov, Jr. understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Alex Brazhnikov, Jr. wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Alex Brazhnikov, Jr. understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Alex Brazhnikov, Jr. waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Alex Brazhnikov, Jr. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Alex Brazhnikov, Jr.

No provision of this agreement shall preclude Alex Brazhnikov, Jr. from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Alex Brazhnikov, Jr. received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Alex Brazhnikov, Jr. and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Dennis C. Carletta
Assistant U.S. Attorney

APPROVED:

Anthony Moscato
Chief, National Security Unit

I have received this letter from my attorney, Jack Arseneault, Esq. I have read it, and/or it has been translated for me into my native language. My attorney and I have discussed it and all of its provisions, including those addressing the charges, forfeiture, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 2/9/15
Alex Brazhnikov, Jr.
Defendant


I have discussed with my client, Alex Brazhnikov, Jr., this plea agreement and all of its provisions, including those addressing the charges, forfeiture, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 2/9/15
Jack Arseneault, Esq.
Counsel for Defendant

9

## Plea Agreement with Alex Brazhnikov, Jr.

### Schedule A

1. This Office and Alex Brazhnikov, Jr. recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Alex Brazhnikov, Jr. nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Alex Brazhnikov, Jr. within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Alex Brazhnikov, Jr. further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2014, applies in this case.

### Count One – Conspiracy to Commit Money Laundering

3. The applicable guideline is U.S.S.G. § 2S1.1(a)(1) (Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity). Under U.S.S.G. § 2S1.1(a)(1), the base offense is the offense level for the underlying offense from which the laundered funds were derived, if: (a) Alex Brazhnikov, Jr. committed or would be accountable for the underlying offense under U.S.S.G. § 1B13(a)(1)(A) (Relevant Conduct); and (b) the offense level for the underlying offense can be determined.

4. The underlying offense alleged in Count One is a violation of Title 18, United States Code, Section 554(a). The applicable guidelines for that offense in this instance are U.S.S.G. §§ 2M5.1(a)(1), and 2M5.2(a)(1), as Alex Brazhnikov, Jr. evaded export control laws relating to the proliferation of nuclear materials, and smuggled munitions and electronics components from the United States to Russia without validated export licenses. These guidelines carry a Base Offense Level of 26.

5. Specific Offense Characteristic § 2S1.1(b)(2)(B) applies, as Alex Brazhnikov, Jr. has agreed to enter a guilty plea to conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h). This Specific Offense Characteristic results in an increase of two (2) levels.

6. Specific Offense Characteristic § 2S1.1(b)(3) applies, as Alex Brazhnikov, Jr.'s money laundering activities involved sophisticated laundering tactics, including but not limited to, the use of fictitious entities, shell corporations, and offshore financial accounts. This Specific Offense Characteristic results in an increase of two (2) levels.

7. The adjusted base offense level for this offense is 30.

### Count Two – Conspiracy to Smuggle Goods from the United States

8. The applicable guideline is U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy). Under U.S.S.G. § 2X1.1(b)(2), Alex Brazhnikov, Jr. and his co-conspirators completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense.

9. The substantive violation charged is the violation of Title 18, United States Code, Section 554(a). The applicable guidelines for that offense in this instance are U.S.S.G. §§ 2M5.1(a)(1), and 2M5.2(a)(1), as Alex Brazhnikov, Jr. evaded export control laws relating to the proliferation of nuclear materials, and smuggled munitions and electronics components from the United States to Russia without validated export licenses. These guidelines carry a Base Offense Level of 26. No specific offense characteristics apply.

### Count Three – Conspiracy to Violate the IEEPA

10. The applicable guideline is U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy). Under U.S.S.G. § 2X1.1(b)(2), Alex Brazhnikov, Jr. and his co-conspirators completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense.

11. The substantive violations charged are the violations of Title 50, United States Code, Sections 1702 and 1705, and Title 15, Code of Federal Regulations, Section 764.2. The applicable guidelines for those offenses in this instance are U.S.S.G. §§ 2M5.1(a)(1), and 2M5.2(a)(1), as Alex Brazhnikov, Jr. evaded export control laws relating to the proliferation of nuclear materials, and smuggled munitions and electronics components from the United States to Russia without validated export licenses. These guidelines carry a Base Offense Level of 26. No specific offense characteristics apply.

### Multiple Counts and Grouping Analysis

12. The parties agree that Counts One through Three shall be grouped together into a single Group ("Group 1"), as these counts harmed the same societal interest and involve two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. See, U.S.S.G. § 3D1.2(b).

13. The parties further agree that the offense level applicable to Group 1 is 30, which represents the offense level of the most serious count in Group 1, i.e., Count One. See, U.S.S.G. § 3D1.3(a).

14. Pursuant to U.S.S.G. § 3D1.4, Group 1 constitutes one Unit. One total Unit does not result in any increase of the offense level. Accordingly, the result is a combined base offense level of 30.

### Acceptance of Responsibility

15. As of the date of this letter, Alex Brazhnikov, Jr. has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Alex Brazhnikov, Jr.'s acceptance of responsibility continues through the date of sentencing. See, U.S.S.G. § 3E1.1(a).

16. As of the date of this letter, Alex Brazhnikov, Jr. has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Alex Brazhnikov, Jr. enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Alex Brazhnikov, Jr.'s offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Alex Brazhnikov, Jr. will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Alex Brazhnikov, Jr. is 27 (the "agreed total Guidelines offense level").

18. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not specifically set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 27 is reasonable.

19. Alex Brazhnikov, Jr. knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that

stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.