UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| UNITED STATES, | |
|---|---|
| v. | 15-cr-300 |
| ALEXANDER BRAZHNIKOV. | OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Alexander Brazhnikov's ("Defendant") motion to terminate supervision. ECF No. 51 ("Motion"). For the reasons set forth below, the Motion is **GRANTED**.

### I. BACKGROUND

On June 11, 2015, Defendant plead guilty to (1) conspiracy to commit money laundering, contrary to 18 U.S.C. §§ 553 & 1956(a)(2)(A) and in violation of 18 U.S.C. § 1956(h); (2) conspiracy to smuggle goods from the United States, contrary to 13 U.S.C. § 305 and 18 U.S.C. § 554(a) and in violation of 18 U.S.C. § 371; and (3) conspiracy to violate the International Emergency Economic Powers Act, contrary to 50 U.S.C. §§ 1702 & 1705 and 15 U.S.C. 764.2 and in violation of 18 U.S.C. § 371. The charges stemmed from a years-long conspiracy in which Defendant smuggled electronic equipment from the United States to Russia. Defendant helped procure the equipment on behalf of various entities involved in Russia's military and intelligence services. Information, ECF No. 23.

On June 30, 2016, this Court sentenced Defendant to seventy months imprisonment and three years of supervised release. ECF Nos. 42-43. The Court also imposed a $75,000 fine and ordered Defendant to forfeit $65,000,000 worth of property. *Id.* Defendant finished his custodial sentence on December 14, 2018, and began supervised release. Opp. at 3, ECF No. 52. His supervision is scheduled to end on December 13, 2021. *Id.*

### II. DISCUSSION

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). The decision to terminate is within the Court's discretion and is generally granted "only in cases where the defendant demonstrates changed circumstances, *such as* exceptionally good behavior." *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) (emphasis added).

Here, Defendant satisfies the prerequisites for early termination. He has served more than one year of supervised release and has behaved exceptionally well. *See id.*; 18 U.S.C. § 3583(e)(1). Given the scarcity of resources, terminating Defendant's supervision would serve the "interest of justice." 18 U.S.C. § 3583(e)(1).

1

With respect to good behavior, other than minor infractions regarding fee payments at the beginning of his supervision, Defendant has complied with the terms of supervision. Mot. at 2. In fact, Defendant has gone beyond the explicit terms and has built a highly productive, law-abiding life. He quickly obtained gainful employment and has since improved himself through information technology ("IT") training. Mot. at 8. He works nights in the IT department of a major corporation and spends his free time with family and completing additional training courses. Mot. at 8.

As to the relevant Section 3553(a) factors, "the nature and circumstances of the offense and the history and characteristics of the Defendant," 18 U.S.C. § 3553(a)(1), weigh slightly in favor of termination. While the offenses were serious, they did not include violent behavior and Defendant's post-conviction history is admirable. As to deterrence and protecting the public, *see id.* § 3553(a)(2)(B)-(C), Defendant's lengthy term of incarceration is sufficient. It is conceivably possible Defendant could reoffend. But if he is inclined to do so, his monthly calls to his probation officer are not a real impediment. Therefore, continuing supervision will not "protect the public." *See id.* § 3553(a)(2)(C). As to "needed educational or vocational training, medical care, or other correctional treatment," *id.* § 3553(a)(3), Defendant does not need the government's assistance. And as to the remaining factors, Defendant's lengthy term of incarceration and restitution satisfy the underlying policy concerns.

The Government's primary objection to early termination relates to the seriousness of Defendant's conduct, including continuing illegal behavior while on pretrial release. Opp. at 4-5. The Court agrees that Defendant's conduct was a serious violation of law. However, 18 U.S.C. § 3583(e)(1) explicitly excludes Subsection 3553(a)(2)(a)—"the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"—from the factors the Court should consider. After all, "Congress intended supervised release to assist individuals in their transition to community life. [It] fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Defendant has successfully transitioned to community life. *See id.* Therefore, the interests of justice are best served by terminating Defendant's supervision and freeing up limited resources to help others build a productive post-incarceration life.

### III.   CONCLUSION

For the reasons set forth above, Defendant's Motion for termination of supervised release, ECF No. 51, is **GRANTED**. An appropriate Order follows.

Date: Sept. 1, 2020

WILLIAM J. MARTINI, U.S.D.J.